IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| YELLOWSTONE TO UINTAS CONNECTION, NATIVE ECOSYSTEMS COUNCIL, ALLIANCE FOR THE WILD ROCKIES, <br><br> Plaintiffs, <br><br> vs. <br><br> LEANN MARTEN, Region One Regional Forester; LISA TIMCHAK, National Forest Supervisor; U.S. FOREST SERVICE; U.S. FISH & WILDLIFE SERVICE, <br><br> Defendants. | CV 24–25–M–DLC–KLD <br><br> ORDER |

Sun Mountain Lumber, Inc. and Iron Pine Company, LLC ("Proposed Intervenors") have filed a motion for leave to intervene in the above-captioned case as a matter of right under Federal Rule of Civil Procedure 24(a)(2) or, in the alternative, permissively under Fed. R. Civ. P. 24(b). (Doc. 17). Plaintiffs do not oppose the motion, and the federal defendants take no position on the motion. (Doc. 17 at 2).

A litigant seeking to intervene under Fed. R. Civ. P. 24(a) bears the burden of establishing that the following criteria are satisfied: (1) the motion is timely; (2)

1

the applicant has a "significantly protectable" interest relating to the property or transaction that is the subject of the action; (3) the applicant is so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the existing parties in the lawsuit. *Wilderness Soc. v. U.S. Forest Service*, 630 F.3d 1173, 1177 (9th Cir. 2011) (quoting *Sierra Club v. EPA*, 995 F.2d 1478, 1481 (9th Cir. 1993); *DBSI/TRI IV Ltd. Partnership v. United States,* 465 F.3d 1031, 1037 (9th Cir. 2006).

In evaluating these factors, "[c]ourts are to take all well-pleaded, nonconclusory allegations in the motion to intervene, the proposed complaint or answer in intervention, and declarations supporting the motion as true absent sham, frivolity or other objections." *Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001). While "the party seeking to intervene bears the burden of showing those four elements are met, 'the requirements for intervention are broadly interpreted in favor of intervention.'" *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006) (quoting *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004)).

All four criteria for intervention as of right are satisfied in this case. This case is in its earliest stages, and there is no indication that allowing Proposed Intervenors to intervene will prejudice the existing parties. Proposed Intervenors

moved to intervene without delay, and their motion is thus timely. This action challenges the Forest Service's Pintler Face Project ("the Project") on the Beaverhead-Deer Lodge National Forest, which was approved by the Forest Service in 2021. As detailed in the supporting brief, Proposed Intervenors have a significant protectible interest in defending the Project. Proposed Intervenors hold contracts for project-related Salvage Timber Sales, and are depending on contract operations commencing this summer to keep their employees working and to benefit local communities and the health of the forest resources in the Project area. Those interests may be impaired should the Project be halted or delayed. Finally, Proposed Intervenors have shown that the existing parties' representation of their protectable interest may be inadequate because the existing parties do not share the same private interests, including the Proposed Intervenors' interests as contract holders and implementers under the Project.

Because the Proposed Intervenors satisfy the criteria for intervention as of right and no existing party argues otherwise,

IT IS ORDERED that the Proposed Intervenors motion to intervene as a matter of right pursuant to Fed. R. Civ. P. 24(a) is GRANTED.[1] The Clerk of

---

[1] "A motion to intervene is a nondispositive motion which may be heard and determined by a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A)." *United States v. Marsten Apartments, Inc.* 175 F.R.D. 265, 267 n. 1 (E.D. Mich. 1997). See also *Robert Ito Farm, Inc. v. City of Maui*, 2015 WL 134070, at *2 (D. Haw. Jan 9. 2015); *United States v. Brooks*, 163 F.R.D. 601 (D. Or. 1995).

Court is directed to add Sun Mountain Lumber, Inc. and Iron Pine Company, LLC as Defendant-Intervenors, and the case caption shall be modified accordingly.

IT IS FURTHER ORDERED that Sun Mountain and Iron Pine shall refile their Proposed Answer (Doc. 17-1), and Motion to Appear Pro Hac Vice and Declarations (Docs. 17-6 through 17-8). They may also refile the Declarations of Sean Steinbach and Seth Beck (Docs. 17-2 and 17-3) now or as attachments to their anticipated preliminary injunction briefing.

IT IS FURTHER ORDERED that Sun Mountain and Iron Pine shall abide by all deadlines set forth in the May 1, 2024, Scheduling Order. (Doc. 16).

DATED this 16th day of May, 2024.

_____
Kathleen L. DeSoto
United States Magistrate Judge