IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| YELLOWSTONE TO UINTAS CONNECTION, NATIVE ECOSYSTEMS COUNCIL, ALLIANCE FOR THE WILD ROCKIES,<br><br>Plaintiffs,<br><br>vs.<br><br>LEANN MARTEN, Region One Regional Forester; LISA TIMCHAK, National Forest Supervisor; U.S. FOREST SERVICE; U.S. FISH & WILDLIFE SERVICE<br><br>Defendants,<br><br>and<br><br>SUN MOUNTAIN LUMBER, INC., IRON PINE COMPANY, LLC<br><br>Intervenor-Defendants. | CV 24–25–M–DLC<br><br><br>ORDER |

Powell County and Anaconda-Deer Lodge County ("the Counties") have filed a motion for leave to intervene in the above-captioned case as a matter of right under Fed. R. Civ. P. 24(a) or, in the alternative, permissively under Fed. R. Civ. P. 24(b). (Doc. 33.) Plaintiffs do not oppose the motion, and Federal Defendants take no position on the motion. (*Id.* at 3.)

1

A litigant seeking to intervene under Fed. R. Civ. P. 24(a) bears the burden of establishing that the following criteria are satisfied: (1) the motion is timely; (2) the applicant has a "significantly protectable" interest relating to the property or transaction that is the subject of the action; (3) the applicant is so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the existing parties in the lawsuit. *Wilderness Soc. v. US. Forest Service*, 630 F.3d 1173, 1177 (9th Cir. 2011) (quoting *Sierra Club v. EPA*, 995 F.2d 1478, 1481 (9th Cir. 1993)); *DBSl/TRJ IV Ltd. Partnership v. United States*, 465 F.3d 1031, 1037 (9th Cir. 2006).

In evaluating these factors, "[c]ourts are to take all well-pleaded, nonconclusory allegations in the motion to intervene, the proposed complaint or answer in intervention, and declarations supporting the motion as true absent sham, frivolity or other objections." *Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001). While "the party seeking to intervene bears the burden of showing those four elements are met, 'the requirements for intervention are broadly interpreted in favor of intervention.'" *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006) (quoting *United States v. Alisa! Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004)).

All four criteria for intervention as of right are established in this case. Plaintiffs filed this lawsuit on February 16, 2024, (Doc. 1.), thus, the present motion is timely. As articulated in their supporting brief, the Counties desire to participate in this case to protect the public health, safety, and economic interests of their citizens. (Doc. 34 at 13.) Those interests may be impaired should the Pintler Face Project be halted or delayed. Finally, the Counties have established that the existing parties cannot adequately represent the Counties' interests for purposes of intervention as "[o]nly [the Counties] can speak to the harm that would flow from an injunction to their respective citizens and communities." (*Id.* at 18.)

Because the Counties satisfy the criteria for intervention as of right and no existing party argues otherwise,

IT IS ORDERED that motion to intervene (Doc. 33) is GRANTED. The Clerk of Court is directed to add Powell County and Anaconda-Deer Lodge County as Intervenor-Defendants, and the case caption shall be modified accordingly.

IT IS FURTHER ORDERED that all parties, including the Counties, shall comply with the Court's scheduling orders.

DATED this 4th day of June, 2024.

_____
Dana L. Christensen, District Judge
United States District Court